UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIGEL WHITTAKER,

        Petitioner,

v.                                   Case Number: 10-CV-11051
                                      Honorable Denise Page Hood

GARY CAPELLO,

        Respondent.

_____/

### ORDER COMPELLING RESPONDENT TO FILE AN ANSWER TO PETITIONER'S HABEAS PETITION AND COMPELLING THE PRODUCTION OF THE STATE-COURT RECORD

Petitioner Nigel Whittaker filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 16, 2010, along with a Motion to Stay his habeas proceedings. Petitioner requested a stay because he was in the process of appealing his state post-conviction motion to the Michigan Supreme Court. On March 31, 2010, the Court granted Petitioner's Motion and stayed the case. Subsequently, on February 14, 2011, Petitioner filed a "Request to Lift Stay and Reopen Case," which the Court granted on March 4, 2011. In its Order, the Court ordered Respondent to file his responsive pleadings and the Rule 5 materials within sixty days from the date of the Order. It has recently been brought to the Court's attention that Respondent has failed to comply with the Court's Order.

An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F.Supp. 1152, 1153 (E.D. Wis. 1996).

The habeas-corpus rules require the respondents to attach the relevant portions of the transcripts of the state-court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Id.* at 654.

Habeas Rule 5 speaks in mandatory terms as to what must be attached to the respondents' answer. *Flamer v. Chaffinch*, 774 F.Supp. 211, 219 (D. Del. 1991). The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the district court for consideration in light of the full record. *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 F.App'x 448, 450 (6th Cir. 2001).

For the above-stated reasons, the Court again orders Respondent to file his responsive pleadings and to produce the necessary Rule 5 materials, within thirty days from the date of this Order or show cause why he is unable to comply with the Order.


                     S/Denise Page Hood
                     Denise Page Hood
                     United States District Judge

Dated:  February 7, 2012

I hereby certify that a copy of the foregoing document was served upon Nigel Whittaker #375383, 13924 Wadaga Road, Baraga, MI 49908 and  counsel of record on February 7, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager