UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIGEL LEE WHITTAKER,

    Petitioner,           Civil No. 2:10-11051
                                  HONORABLE DENISE PAGE HOOD
v.                                CHIEF UNITED STATES DISTRICT JUDGE

GARY CAPELLO,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RELIEF FROM JUDGMENT AND DENYING A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

On July 31, 2013, this Court denied petitioner's application for a writ of habeas corpus, declined to issue petitioner a certificate of appealability, and granted petitioner leave to appeal *in forma pauperis*. *See Whittaker v. Capello*, No. 10-11051; 2013 WL 3945987 (E.D. Mich. July 31, 2013). The United States Court of Appeals for the Sixth Circuit subsequently denied petitioner a certificate of appealability and dismissed his appeal. *Whittaker v. Capello*, No. 13-2171 (6th Cir. Mar. 12, 2014). The United States Supreme Court denied petitioner a writ of certiorari. *Whittaker v. Mackie*, 135 S. Ct. 127 (2014); *reh'g denied*, 135 S. Ct. 1029 (2015).

Petitioner has now filed a Rule 60(b) motion for relief from judgment.

1

For the reasons that follow, the motion is DENIED.

Petitioner claims in his motion for relief from judgment that this Court erred in denying him a certificate of appealability on several of his procedurally defaulted claims.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 F.App'x. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) fails to

demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).

The Court will deny petitioner's motion for relief from judgment, because he is simply reiterating the same arguments that he raised in his original habeas petition and before the Sixth Circuit and the United States Supreme Court. The Court will deny petitioner's 60(b) motion for relief from judgment, because he has failed to offer any arguments which this Court, the Sixth Circuit, or the Supreme Court have not already previously considered and rejected in its prior opinions and orders. *See Brumley v. Wingard,* 269 F.3d 629, 647 (6th Cir. 2001). In light of the fact that the Sixth Circuit has denied petitioner a certificate of appealability and dismissed petitioner's appeal, any request for a certificate of appealability is moot. *See Woodberry v. Bruce,* 203 F.App'x. 186, 189 (10th Cir. 2006). The Sixth Circuit's denial of petitioner's motion for a certificate of appealability and the dismissal of petitioner's prior appeal divested this Court of any power to grant petitioner a certificate of appealability on the issues he previously appealed and lost on before the Sixth Circuit. *Id.*

The Court will also deny petitioner a certificate of appealability from

the denial of his Rule 60(b) motion. A habeas petitioner is required to obtain a certificate of appealability in order to appeal the denial of a motion for relief from judgment brought pursuant to Fed. R. Civ. P. 60(b). *See U.S. v. Hardin,* 481 F.3d 924, 926 (6th Cir. 2007). Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for relief from judgment [Dkt. # 49] is **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.* [Dkt. # 50].

        S/Denise Page Hood
        Chief Judge, United States District Court

Dated: December 7, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2016, by electronic and/or ordinary mail.

       S/LaShawn R. Saulsberry
       Case Manager